# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M.R., individually and as guardian of K.C., a minor, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 15-1305 |
| v. | ) ) | Judge Cathy Bissoon |
| PAMELA CURRY, *et. al.*, | ) ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Defendants' Motions to Dismiss (Docs. 6 and 19) will be denied.

The Court finds Plaintiffs have pleaded sufficient facts to state a claim under Section 1983 under a state-created danger theory. According to the allegations in the Complaint, Plaintiff K.C. suffered immeasurable harm, including, but not limited to, being removed from her home and separated from her mother, grandmother and half-siblings, (compl. (Doc. 1) at ¶¶ 30-34, 42-48, 51-52), harm that would have been reasonably foreseeable to Plaintiff K.C.'s caseworker, Defendant Jennifer Olexsak. Additionally, Plaintiffs allege that Defendant Olexsak falsified the information in her report in order to effectuate the removal of Plaintiff K.C. from her mother's home. Such conduct clearly satisfies a "shock the conscience" standard. Further, the Court finds Defendant Olexsak was capable of exercising sufficient control over Plaintiff K.C. such that a relationship existed.

As to the question of *Monnell* liability, the Court finds Plaintiffs have pleaded sufficient facts to support their contention that Butler County had a policy or custom that motivated the constitutional violation. The Court agrees with Plaintiffs that the statement by a Butler County

Children and Youth Services ("CYS") caseworker-supervisor that, in light of Plaintiff K.C.'s circumstances, CYS plans to change how it treats instances of caseworker-familial relationships in the future, provides sufficient factual allegations that a policy existed and that that policy resulted in harm to Plaintiff K.C. (Doc. 1) at ¶ 50.

Additionally, the Court finds Plaintiffs have alleged sufficient facts to state claim for civil conspiracy. The Complaint contains facts to support the conclusion that Defendants Olexsak, Thomas Curry, and Pamela Curry conspired together to remove Plaintiff K.C. from her mother and from her home. Based on the totality of the facts alleged in the Complaint, the Court cannot see any intent other than a malicious one.

Finally, the Court elects to retain jurisdiction over the pendant state law claims. The claims clearly arise from a common nucleus of operative facts. Further, the Court disagrees with Defendants Pamela and Thomas Curry that judicial economy would be served by allowing the state law claims to proceed in state court. Such a decision would force Plaintiffs to try this matter in two separate venues, the opposite of judicial economy, fairness and convenience to the litigants.

Consistent with the foregoing, Defendants' Motions to Dismiss (**Docs. 6 and 19**) are **DENIED**.

IT IS SO ORDERED.


August 16, 2016                                              s/Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

cc (via ECF email notification):

All Counsel of Record